**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **MB REALTY GROUP, INC.,** * | |
| | |
| **Plaintiff,** * | |
| **v.** | **Case No.: GJH-19-2300** |
| * | |
| **DOLGENCORP, LLC t/d/b/a DOLLAR** | |
| **GENERAL AND SARA BUTLER,** * | |
| **INDIVIDUALLY,** | |
| * | |
| **Defendants.** | |
| * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff MB Realty Group, Inc. brought this civil action against Defendants Dolgencorp, LLC t/d/b/a Dollar General and Sara Butler, alleging various state claims, including breach of contract (Count I), tortious interference with contractual/prospective contractual relations (Count II), conversion (Count III), and unjust enrichment/quantum meruit (Count IV). ECF No. 19. Pending before the Court is Defendants' Motion to Dismiss MB Realty Group, Inc.'s First Amended Complaint. ECF No. 25. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendant's Motion to Dismiss is granted without prejudice.

I.      **BACKGROUND**

A.      **Factual Background**[1]

Plaintiff is a commercial real estate developer that, prior to the incidents giving rise to this action, had a reputation for successfully completing complex development projects. ECF No. 19 ¶ 15. In 2013, Plaintiff entered into an allegedly "valid and binding oral agreement" with

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Amended Complaint, ECF No. 19, and are presumed to be true.

Defendant Dolgencorp to develop Dollar General stores in Western Maryland ("Contract"). *Id.*
¶ 16. The Contract required Plaintiff to (1) invest significant time, energy, and resources,
including money, to identify appropriate real estate parcels; (2) secure all necessary zoning and
permitting approvals; (3) enter into a long-term lease with Defendant Dolgencorp that included
multiple options for Defendant Dolgencorp to extend the lease; (4) purchase the property; (5)
construct the building and all amenities; and (6) deliver to Dolgencorp a turn-key ready store. *Id.*
¶ 17. When Plaintiff initially entered into the Contract with Defendant Dolgencorp, Defendant
assigned Tom Brown to be Plaintiff's designated real estate representative for purposes of
developing Dollar General stores. *Id.* ¶ 19. The real estate representatives' duties included being
Dollar General's sole point of contact for developers, like Plaintiff, and facilitating the orderly
progression and timely completion of the projects on which the developer was working. *Id.* ¶ 20.
Between 2013 and 2016, Defendant Dolgencorp frequently changed the representative who was
responsible for working and communicating with Plaintiff. *Id.* ¶ 22. However, Plaintiff's point of
contact always remained the same, Matt Beckham, MB Realty's president. *Id.* ¶ 21.

Until 2016, Plaintiff enjoyed an excellent working relationship with Defendant
Dolgencorp and its real estate representatives. *Id.* ¶ 24. In fact, Plaintiff and Defendant
Dolgencorp were able to successfully complete the construction and opening of five Dollar
General stores during this time, and Defendant Dolgencorp named Plaintiff a "Preferred
Developer" and expanded Plaintiff's territory in Maryland. *Id.* ¶¶ 24, 31. Moreover, Plaintiff
realized significant profits on each of the five stores opened during this time, averaging $354,000
per store—a fact of which Defendant Dolgencorp was aware. *Id.* ¶¶ 29, 30.

However, in early 2016, one of the other developers Defendant Dolgencorp worked with,
Ty Davenport, began having problems completing five projects he was developing for Defendant

2

Dolgencorp. *Id.* ¶ 32. Consequently, Defendant Dolgencorp approached Beckham and requested that Plaintiff assume the leases on each of those struggling projects, complete construction, and get the stores opened. *Id.* ¶ 33. Plaintiff was unwilling to assume the exposure to liability and liquidated damages associated with those projects and thus refused. *Id.* ¶¶ 33–36. This refusal damaged Plaintiff's relationship with Defendant Dolgencorp. *Id.* ¶ 38.

Shortly after Plaintiff's refusal to assume any of the five Davenport projects, Defendant Dolgencorp assigned Defendant Butler as the real estate representative working with Plaintiff, and she began discussing with Plaintiff the projects Defendant Dolgencorp wanted Plaintiff to develop in 2016 and beyond, seventeen of which Plaintiff was already working on. *Id.* ¶¶ 37–39.

In April 2016, Defendant Butler met Beckham in Maryland so they could visit and inspect the seventeen Maryland projects Plaintiff was working on for Defendant Dolgencorp. *Id.* ¶¶ 41, 42. During Defendant Butler's tour of the sites, she approved all seventeen sites, called them "strong opportunities," and directed Plaintiff to proceed with its development of all seventeen sites. *Id.* ¶ 43. Defendant Butler asked Plaintiff to prioritize three specific projects—all three of which were financially troubled projects—requesting that those projects be ready to present to Defendant Dolgencorp's real estate committee between May 23, 2016 and June 6, 2016. *Id.* ¶¶ 43, 44. However, Defendant Butler refused to provide Plaintiff with the information needed to work on those three projects. *Id.* In order to timely perform its obligations with respect to all seventeen projects, but especially the three expedited projects, Plaintiff invested significant time and money. *Id.* ¶ 48.

On June 2, 2016, Defendants gave Plaintiff a "FINAL STA list" and confirmed that Plaintiff should aim to deliver five projects to Defendant Dolgencorp's real estate committee between June and October 1, 2016. *Id.* ¶ 49. Again, in order to timely perform its obligations

3

with respect to the projects, particularly the five expedited projects indicated in the June 2, 2016 communication, Plaintiff invested significant time and money. *Id.* ¶ 51. However, Plaintiff's efforts with respect to the expedited projects were inhibited by Defendant Butler who: (1) did not timely respond to Plaintiff's communications; (2) did not provide adequate support due to a lack of understanding regarding real estate development; (3) refused to allow Plaintiff to use its preferred agent to prepare the required REC packages and instead required Plaintiff to use Mark Mueller despite his lack of knowledge regarding the preparation process; (4) refused to submit for approval REC packages that had been completed and delivered; (5) lied to other Dolgencorp employees about Plaintiff and damaged Plaintiff's reputation and relationship with Defendant Dolgencorp; and (6) provided Plaintiff's confidential and proprietary information to a competing developer. *Id.* ¶ 53. Despite Defendant Butler's lack of support, Plaintiff made significant progress toward delivering to Defendant Dolgencorp more than five of the projects. ¶ 56.

On July 6, 2016, Defendant Butler informed Plaintiff that Defendant Dolgencorp was terminating its relationship with Plaintiff. *Id.* ¶ 58. Beckham, Plaintiff's president and point of contact with Defendant Dolgencorp, attempted to discuss the matter with representatives of Defendant Dolgencorp other than Defendant Butler and eventually was able to contact Dennis Young. *Id.* ¶¶ 59–61. Beckham informed Young, among other things, that Plaintiff had multiple deals ready to present to Defendant Dolgencorp's real estate committee for final approval. *Id.* ¶ 63. Based on his conversation with Young, Beckham believed "Young intended to discuss the matter with Butler, perform whatever investigation he deemed necessary, and Young would contact Beckham to further discuss this situation." *Id.* ¶ 64. Moreover, Beckham believed that the termination of the relationship between Plaintiff and Defendant Dolgencorp was on hold and that, after Young's investigation, Plaintiff may be able to present the deals to Defendant

4

Dolgencorp's real estate committee. *Id.* ¶ 65. However, Plaintiff did not hear anything further from Defendants until a competing developer, Ed Baker, contacted Plaintiff on August 16, 2016, at the behest of Defendants, requesting Plaintiff to assign the projects to his company. *Id.* ¶¶ 68–73. During this call, Plaintiff learned that Defendants were unilaterally terminating the parties' business relationship and that Defendants had disclosed to Baker confidential and proprietary information Plaintiff had provided Defendants. *Id.* ¶ 74, 75.

After the termination of the business relationship, Plaintiff was never able to present the projects to Defendant Dolgencorp's real estate committee. *Id.* ¶ 76. Moreover, since August 16, 2016, Defendant Dolgencorp has completed the development of at least some of the seventeen projects on which Plaintiff had previously worked. *Id.* ¶ 79. The completion of those projects was facilitated by the significant research, time, energy, and resources Plaintiff expended on each project. *Id.* ¶ 80. Plaintiff believes that, if not for the conduct of Defendants, Plaintiff could have realized a profit of at least $3,540,000, and likely substantially more, by completing the projects left pending at the time the parties' business relationship ended. *Id.* ¶¶ 81–83.

**B.      Procedural Background**

Plaintiff initiated this action on August 9, 2019, ECF No. 1. Defendants filed a Motion to Dismiss on December 2, 2019. ECF No. 13. In response, Plaintiffs requested leave of the Court to file an Amended Complaint, which would address the deficiencies Defendants identified in their Motion. ECF No. 14; ECF No. 18; ECF No. 19. The Court granted Plaintiff's request on August 30, 2020, and Plaintiff's Amended Complaint, ECF No. 19, became the operative pleading, mooting Defendants' first Motion to Dismiss, ECF No. 13. ECF No. 24. Defendants then filed the instant Motion to Dismiss Plaintiff's First Amended Complaint on September 14, 2020. ECF No. 25. Plaintiff responded in opposition on October 23, 2020, ECF No. 28; ECF No.

29, and Defendants replied on November 6, 2020. ECF No. 30.

## II.   STANDARD OF REVIEW

Article III courts are courts of limited jurisdiction, possessing only the authority granted

by the Constitution and Congress. *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir.

2017). "Federal courts have original jurisdiction over two kinds of civil actions—those which are

founded on a claim or right arising under the Constitution, treaties or laws of the United States,

and those where the matter in controversy exceeds $75,000 and is between citizens of different

states." *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375,

379 (D. Md. 2011). "The burden of establishing subject matter jurisdiction is on . . . the party

asserting jurisdiction." *Receivership Estate of Mann Bracken, LLP v. Cline*, No. RWT-12-292,

2012 WL 2921355 (D. Md. July 16, 2012) (ellipsis in original) (quoting *Robb Evans & Assocs.

v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010)).

A motion to dismiss based on lack of subject-matter jurisdiction, pursuant to Fed. R. Civ.

P. 12(b)(1),[2] raises the question of whether a court has the authority to hear and decide a

particular case. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). A challenge to

subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may proceed "in one of two ways":

either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to

establish subject-matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional

allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir.

2009) (citation omitted) (alteration in original). Here, Defendants present a facial challenge in

---

[2] Defendants Motion to Dismiss states that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). ECF No. 25-1 at 5. However, Fed. R. Civ. P. 12(b)(2) governs dismissal due to lack of personal jurisdiction, not subject-matter jurisdiction. Therefore, the Court assumes for the sake of this motion that Defendants intended to make their arguments regarding lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

their Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 25-1 at 7.[3]

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192. However, a court may properly grant a motion to dismiss for lack of subject-matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799 (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)). The court "generally may not rule on the merits of a case without first determining that it has the jurisdiction over the category of claim in suit (subject-matter jurisdiction)[.]" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007).

## III.    DISCUSSION

Under the well-pleaded complaint rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). "A court is to presume, therefore, that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in original) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

In the Amended Complaint, Plaintiff claims that this Court has diversity jurisdiction over the present dispute. ECF No. 19 ¶¶ 11–13. Plaintiff alleges that: (1) Plaintiff is a corporation organized and existing under the laws of North Carolina with a principal place of business in North Carolina, *id.* ¶ 1; (2) Defendant Dolgencorp is a limited liability company organized and existing under the laws of Kentucky with a principal place of business in Tennessee, *id.* ¶ 2; and

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

(3) Defendant Butler resides in Kentucky and maintains a principal place of business in Tennessee, *id.* ¶ 3. Based on these allegations, Plaintiff concludes that Plaintiff is a citizen of North Carolina and Defendants are citizens of Kentucky and/or Tennessee, and, therefore, there is diversity of citizenship. *Id.* ¶ 11.

The federal diversity jurisdiction statute provides that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Diversity jurisdiction "requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). For diversity jurisdiction purposes, a limited liability company, like Defendant Dolgencorp, is an unincorporated association "whose citizenship is that of its members." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004); *see also SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 688 (E.D. Va. 2011) ("It is well established that, for purposes of federal jurisdictional diversity of citizenship, an LLC is not a corporation, and thus is not considered a citizen of its state of incorporation and principal place of business, but instead shares the citizenship of its members."). When jurisdiction depends on diversity of citizenship, "citizenship should be 'distinctly and affirmatively alleged.'" *U.S. Agrisoil, LLC v. Kreloff*, No. JKB-20-2454, 2021 WL 409789, at *2 (D. Md. Feb. 5, 2021) (slip copy) (quoting *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980)); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and

citizenship of each member of an unincorporated entity); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *Bodhi Building v. Elmsford Chicken, LLC*, No. MKV-21-919, 2021 WL 466009, at *2 (S.D.N.Y. Feb. 9, 2021) (slip copy) ("Plaintiff fails to allege the citizenship of the members of [the defendant LLCs]. Accordingly, Plaintiff has failed to plead diversity jurisdiction."); *Ojo v. Clarks Summit Hospitality, LLC*, No. 3:17-cv-01064, 2017 WL 2692019, at *3 (M.D. Pa. June 22, 2017) ("To properly plead diversity jurisdiction, Plaintiff must allege the citizenship of each of the LLC-Defendants' members in order to establish the citizenship of each Defendant."); *Leech Tishman Fuscaldo & Lampl, LLC v. Cart*, No. 3:15-cv-311-J-39JBT, 2015 WL 13653043, at *1 (M.D. Fla. Mar. 27, 2015) (collecting cases stating that plaintiff's must list the citizenship of each of an LLC's members).

In the instant case, while Plaintiff alleges that Defendant Dolgencorp was organized under the laws of Kentucky and has a principal place of business in Tennessee, these allegations are not adequate to establish Defendant Dolgencorp's citizenship for diversity purposes. Defendant Dolgencorp is a limited liability company and thus has the citizenship of its members. Because Plaintiff has failed to allege in its Amended Complaint the identity of each of Defendant Dolgencorp's members and those members' citizenship, the allegations pleaded in the Amended Complaint are insufficient to establish subject-matter jurisdiction.[4] *See Kerns*, 585 F.3d at 192. The Court grants Defendants' Motion to Dismiss, dismisses this action for lack of subject matter

---

[4] While Defendants did not challenge Plaintiff's allegations regarding the citizenship of Defendant Butler, the Court notes that "[f]or purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (citing *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998)). Thus, because Plaintiff only alleges Defendant Butler's state of residence, not citizenship, Plaintiff has also failed to establish that Defendant Butler is diverse to Plaintiff. *See* ECF No. 19 ¶ 3.

jurisdiction, without prejudice, and consequently will not discuss the merits of Defendants' other arguments under Fed. R. Civ. P. 12(b)(6). *See Sinochem Int'l Co. Ltd.*, 549 U.S. at 430–31.

Plaintiff may file a Motion for Leave to Amend Complaint, correcting the deficiencies discussed in this memorandum opinion, within 21 days after the issuance of the Order accompanying this memorandum opinion. The Court, however, notes that this task is complicated by the fact that Defendants' Local Rule 103.3 Disclosure Statement, which Defendant Dolgencorp filed before the Plaintiff filed the Amended Complaint,[5] does not provide the relevant disclosures for Dolgencorp, LLC. ECF No. 12. Rather Defendant Dolgencorp's Disclosure of Corporate Interest confirms that the party against whom Plaintiff originally brought this action, Dolgencorp, Inc., no longer exists as a corporate entity, but was previously affiliated with Dollar General Corporation. ECF No. 12. Thus, the Court orders Defendants, within 14 days, to update Defendant Dolgencorp's Local Rule 103.3 Disclosure Statement so that, in accordance with the rule, it includes "[t]he identity of all members of any party that is a business entity under state law, other than a corporation; and . . . the state of citizenship of each member." Loc. R. 103.3 (D. Md. 2018).

## IV.   CONCLUSION

For the foregoing reasons, Defendants Motion to Dismiss Plaintiff's Amended Complaint is granted without prejudice. A separate Order shall issue.

Date: <u>June    15, 2021</u>                                    /s/_____

                                                                                    GEORGE J. HAZEL
                                                                                    United States District Judge

---

[5] Plaintiff originally brought this action against Dolgencorp, Inc., a party that no longer exists, but Plaintiff corrected this error in the Amended Complaint so that the action is against Dolgencorp, LLC. *See* ECF No. 1; ECF No. 12; ECF No. 19.